No. 18,425.

Johnny Vigil *v.* People of the State of Colorado.

(322 P. [2d] 320)

Decided March 3, 1958.

Mr. Johnny Vigil, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John W. Patterson, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, herein referred to as Vigil, or defendant, was informed against in the Weld County District Court in an information embracing five counts. The first count charged grand larceny; the second and third counts set forth convictions of defendant of the crime of burglary in the year 1943 on each of which conviction he was sentenced to the reformatory; the fourth and fifth counts set forth convictions of defendant of grand larceny in the years 1949 and 1951 and in each instance the defendant was sentenced to the state penitentiary.

Vigil entered a plea of not guilty to the first count of the information and pleas of guilty to the second, third, fourth and fifth counts.

Trial was had on April 7, 1954 and a verdict of guilty returned. Vigil was thereupon sentenced to the state penitentiary for life as an habitual criminal.

On February 4, 1957, a motion to set aside the sentence imposed was filed, and under the authority of *Smalley v. People,* 134 Colo. 360, 304 P. (2d) 902 the trial court set aside the previous sentence and resentenced Vigil nunc pro tunc to a term of not less than twenty-five years, nor more than thirty years, in the state penitentiary.

On September 26, 1957, Vigil sought and was granted a writ of error. We are not favored with a reporter's transcript of the evidence adduced on the trial, and note that the record was filed in this court on October 11, 1957, but the abstract, assignments of error and opening briefs were not filed until January 3, 1958. This, of course, is contrary to our rules governing procedure in this court in criminal cases. In the trial court Vigil was represented by counsel. In this court he appears pro se. We elect to overlook the late filing of the abstract of

record, assignments of error and brief on behalf of Vigil.

In essence it is the contention of Vigil that the state had the duty of proving the prior convictions. Where, as here, a defendant enters a plea of guilty, such proof is not required. C.R.S. 1953, 39-13-3. *O'Day v. People,* 114 Colo. 373, 166 P. (2d) 789. What would or would not constitute competent evidence to establish prima facie proof of former convictions under a plea of not guilty is not the matter to be here determined, the defendant having entered pleas of guilty to the charges of former convictions involved.

Vigil contends that the Habitual Criminal Act, 39-13-1 is unconstitutional in that it is a special law not affecting equally others similarly situated; that it places the defendant in double jeopardy and that it requires the defendant in such case to be a witness against himself. We cannot agree. The same objections urged by Vigil have been raised in other jurisdictions and in every case the holdings have been adverse to defendant's contentions. The law is summarized in 24 C.J.S. p. 1145, §1959, as follows:

"Statutes which authorize a more severe penalty to be inflicted upon one convicted of a second or subsequent offense have been generally held valid, notwithstanding probation was granted as to the first offense, or the prosecutor is not required to file an habitual criminal charge against all individuals previously convicted, or the court failed to make findings of prior convictions in other cases. So such statutes have been held not invalid as against the objections that they inflict a double punishment for the same offense, that they inflict cruel or unusual punishment, or unreasonable punishment, that they deny accused a fair and impartial trial, or that they impose a penalty on crimes committed outside the jurisdiction. Likewise such a statute is not violative of a constitutional provision requiring that all penalties shall be proportioned to the nature of the offense; nor is it objectionable on the ground that it prescribes different

164

punishment for different persons committing the same offense, or that it operates to make accused a witness against himself. * * *"

It is also stated in 22 C.J.S. 370, Criminal Law, §239:

"So also statutes authorizing an increased punishment for offenses subsequent to a first offense are not in violation of such constitutional provision (prohibitions against double jeopardy) as the increased punishment for the latter offense is no part of that for the first; * * *"

See, also, *Wright v. People,* 116 Colo. 306, 181 P. (2d) 447.

Here the defendant was convicted of grand larceny, the punishment for which is not less than one nor more than ten years. Under C.R.S. '53, 39-13-1 a person convicted of any felony, who shall have been twice previously convicted of a felony, shall be adjudged an habitual criminal and punished by confinement in the penitentiary for a term not less than the longest term, or more than three times the longest term prescribed upon a first conviction. In the case before us a sentence of not less than ten or more than thirty years would be in accordance with the statute.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE SUTTON not participating.