No. 19,173.

JACK M. BERNARD *v.* HARRY C. TINSLEY, WARDEN, ET AL.
(355 P. [2d] 1098)

Decided October 10, 1960. Rehearing denied October 31, 1960.

Mr. WALTER L. GERASH, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for de-
fendants in error.

*En Banc.*

PER CURIAM.

THIS cause originated in the district court of the City
and County of Denver, where plaintiff in error, herein-
after referred to as petitioner, filed his petition for a
writ of habeas corpus. Pertinent facts are as follows:

On April 28, 1949, petitioner was found guilty in Den-
ver district court of aggravated robbery. On April 29,
1949, the jury, by verdicts returned to Counts 2, 3 and 10
of the information, found petitioner to be the same indi-
vidual who had committed three prior felonies. On June
15, 1949, petitioner was sentenced to a life term in the
Colorado State Penitentiary, and on that same day a
mittimus was issued which stated that "habitual crimi-
nal" was the crime for which sentence was imposed.

October 31, 1958, petitioner filed his petition in the
trial court for a writ of habeas corpus alleging in sub-
stance:

(1) That since there is no such crime as "habitual
criminal" in Colorado, the life sentence (or any sen-
tence) for that crime would have to be void and he
should therefore be set at liberty.

(2) That the "habitual criminal" law is unconstitutional, violating Article II, Sections 20 and 25 of the Colorado Constitution and Section 1, Amendment 14, of the United States Constitution in that petitioner's punishment is cruel and unusual.

(3) That petitioner at time of trial and sentencing had only two prior felony convictions. The Tenth Count of the information did not charge a felony conviction but referred to a conviction in the State of Missouri when the petitioner was eighteen years old, for which he received a reformatory sentence.

After the writ was granted, return made, and answer to the return filed, a hearing was held on the matter, and on May 4, 1959, the trial court dismissed the petition. A motion for rehearing was filed and denied on May 19, 1959. Petitioner raises the same issues in this court.

The issue of the mittimus erroneously stating "habitual criminal" has been disposed of in the case of *Sexton v. People,* 143 Colo. 35, 351 P. (2d) 842. The only relief to which petitioner is entitled in this respect is a correction of the mittimus to conform to the judgment finding him guilty of aggravated robbery.

Also, the contention that the "habitual criminal" law violates due process as inflicting cruel or unusual punishment has been disposed of in *Vigil v. People,* 137 Colo. 161, 322 P. (2d) 320. There this court approved the summary found in 24 C.J.S. p. 1145, §1959, which recites, inter alia, " * * * such statutes (habitual criminal) have been held not invalid as against the objections * * * that they inflict cruel or unusual punishment * * *." See also *Wright v. People,* 116 Colo. 306, 181 P. (2d) 447.

As to petitioner's contention that the Tenth Count does not charge a felony, we merely point to his admissions that Counts 2 and 3 properly charge the commission of two prior felonies. This being so, his case falls squarely within the terms of the "little habitual

criminal act" (C.R.S. '53, 39-13-1) which, under the record here, also makes a life sentence mandatory.

Accordingly, the judgment is affirmed but the cause is remanded to the trial court for the issuance of an amended mittimus sentencing the petitioner to life imprisonment for the crime of aggravated robbery.