Melvin Paul **TERRY**, Appellant,

v.

Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, Appellee.

No. 9092.

United States Court of Appeals
Tenth Circuit.

Jan. 30, 1967.

Bruce McMillen, Denver, Colo., for appellant.

Robert C. Miller, Denver, Colo. (Duke W. Dunbar, Frank E. Hickey, Denver, Colo., on brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

PER CURIAM.

Petitioner appeals from an order of the Colorado District Court denying his petition for writ of habeas corpus on the grounds that he had failed to exhaust the available state remedies. We affirm the judgment.

On a plea of guilty petitioner was convicted on a state charge of issuing a "no-account" check, given a sentence of 4½ to 5 years in the penitentiary and granted probation. He was subsequently taken into custody, and pursuant to hearing in the state trial court probation was revoked. Petitioner attacked his probation revocation by a Rule 35(b) Colo.R.Crim. P. motion to vacate sentence. The motion was denied and no appeal taken, but he thereafter petitioned the Colorado Supreme Court for writ of habeas corpus which was denied without opinion. He thereupon filed this petition alleging, as in the state court, that his parole revocation was obtained through false statements of probation officers, illegally obtained evidence and denial of effective representation by counsel.

When this habeas corpus petition was filed and when the order denying relief was entered, the time for taking an appeal from the state 35(b) order had not expired and petitioner was so advised. In these circumstances the trial court very properly denied relief on the grounds that petitioner had not exhausted his available state remedy. Petitioner can-

not now be heard to say that because the time for taking appeal in the state court has now expired he is entitled to federal habeas corpus relief. Cf. Saxton v. Patterson, Warden, December 16, 1966, 10 Cir., 370 F.2d 112.

■ But, even so, the Attorney General in his brief and at the bar of this court has directed attention to the liberality of the Colorado Court in granting late writs of error for just cause. And see Vigil v. People, 137 Colo. 161, 322 P.2d 320; Ruark v. People, Colo., 405 P.2d 751. Furthermore, while it is not clear from the record, the Attorney General in his brief and on argument suggests that the question of denial of effective assistance of counsel has never been presented to the state court in a 35(b) motion. If not, an original 35(b) motion is yet available to petitioner as an adequate remedy to test that question.

■ It is manifestly clear that petitioner seeks to bypass available state remedies for habeas corpus relief in the federal court. This he cannot do. See Watson v. Patterson, 10 Cir., 358 F.2d 297; Miller v. State, 10 Cir., 363 F.2d 843.