No. 22558.

CLARENCE WILLIAM NORMAND *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(440 P.2d 282)

Decided May 6, 1968.

510

EDWARD H. SHERMAN, Public Defender, TRUMAN COLES, Deputy, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, PAUL D. RUBNER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFF in error, hereinafter designated as Normand, was charged in the district court with unlawful and felonious possession of narcotic drugs, namely, cannabis sativa L. (marijuana). On November 1, 1963, Normand entered a plea of guilty to the charge and was thereafter sentenced to a term of from six to ten years in the state penitentiary. On November 8, 1965, Normand filed a Motion to Vacate and Set Aside the Judgment under Rule 35(b) of the Colorado Rules of Criminal Procedure. Counsel was thereupon appointed and an evidentiary hearing held. Upon completion of the hearing, the motion was denied and Normand seeks reversal here.

Normand's argument here is threefold: (1) he was denied effective assistance of counsel at the time he pleaded guilty; (2) his plea of guilty was coerced; and (3) the statute forbidding the possession of cannabis imposes cruel and unusual punishment and is therefore unconstitutional. We hold that the record before us demonstrates that all three contentions are without merit.

I.

To place Normand's argument that he was denied effective assistance of counsel in proper perspective, we point out that neither *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, nor *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, applies here. Both were decided after the sentence in this case, and neither is retroactive in its application. *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Moreover, we are dealing here with a claim that the trial court failed to provide counsel at the arraignment rather than with a failure to provide counsel at pre-arraignment questioning. In such cases, of course, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed. 2d 799, becomes the applicable authority.

Our examination of the record at the arraignment hearing discloses that the court advised Normand, not once, but several times, that he was entitled to a lawyer and that if he wanted one, the court would appoint one. Normand's reply was as follows:

"It is not necessary to have counsel, is it, by law?"
The court replied that it was not, and Normand advised the court that he wanted to proceed. The colloquy between Normand and the court indicates that Normand was twenty-five years old and a person of intelligence; that he had two former convictions and was not new to the arraignment procedures; that he knew, for instance, that his former convictions barred probation. The totality of the circumstances as shown by the record at the arraignment and the record at the Rule 35(b) hearings convinces us that the trial court was correct in holding that Normand was completely advised by the trial judge of his right to counsel and intelligently and knowingly waived that right.

II.

Normand's claim that his plea of "guilty" was coerced became, as a result of the testimony taken at

the Rule 35(b) hearing, one on which there was conflicting testimony. Normand testified that the arresting and questioning police officers promised him a light sentence or probation if he cooperated. A review of the record at the arraignment hearing reveals that Normand told the trial judge that he knew he was *not* eligible for probation. Of course, pleas of guilty induced by threats or promises are not valid, *Von Pickrell v. People,* 163 Colo. 591, 431 P.2d 1003, but upon post-conviction procedures to set aside such a plea, it becomes the burden of the petitioner to establish that the plea was entered because of coercion. See *Sandoval v. Tinsley,* 338 F.2d 48 (10th Cir.). Here, the three police officers involved in the arrest and interrogation of Normand categorically denied his claims that promises or threats were made to him. We would point out that we subscribe to the United States Supreme Court's statement in *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, that "nothing in the Due Process Clause of the Fourteenth Amendment requires a state court judge . . . to assume the arresting officers are committing perjury." The trial court's resolution of the conflicting testimony is adequately supported by the record and is, therefore, binding upon us.

### III.

 We reject Normand's claim that the statute forbidding the use and possession of marijuana imposes cruel and unusual punishment, and that his sentence particularly inflicted cruel and unusual punishment upon him. We held in *People v. Stark and Peacock,* 157 Colo. 59, 400 P.2d 923, that classification of cannabis (marijuana) as a narcotic was not unconstitutional and in doing so we found "that the use of marijuana and other drugs presents a danger to the public safety and welfare of the community since they are clearly related to each other and to the commission of crime."

 The power to declare what punishment may be assessed for violation of a statute is legislative and

not judicial. We cannot say, as a matter of law, that a statute, having for its purpose the prevention of use of a substance which presents a danger to the public safety and welfare of the community, provides for cruel and unusual punishment by authorizing a prison term of not less than two years or more than fifteen years. Nor can we find cruel and unusual punishment as proscribed by the United States and Colorado Constitutions to be present as it affects the particular individual involved where the sentence is, as it is here, within the statutory limits, *Walker v. People,* 126 Colo. 135, 248 P.2d 287, and where it does not shock the conscience of the court, as it does not here.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY concur.