## No. 24656

### Fred Guadalupe Trujillo v.
### The People of the State of Colorado
(496 P.2d 1026)

Decided April 17, 1972.

Gibson, Gerdes & Campbell, Paul J. Gerdes, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant, Fred Guadalupe Trujillo, brings this writ of error pursuant to a motion filed in trial court under Rule 35(b) of the Colorado Rules of Criminal Procedure. He will hereinafter be referred to by name or as defendant.

The arguments presented in this action before us are the end result of eleven years of litigation, writ filing, and numerous appeals. A brief review of defendant's history in court is therefore relevant here. In 1961, Trujillo was tried before a jury and found guilty of two counts of an

Information charging him with burglary and assault with intent to commit robbery. The trial judge sentenced defendant to not less than 9 1/2 years and not more than 10 years at the State Penitentiary for the burglary charge, and not less than 13 1/2 nor more than 14 years at the Penitentiary for the crime of assault with intent to commit robbery. The trial court further ordered that these sentences should be served consecutively. Defendant admits that both of these sentences were within the statutory limits of the two offenses.

Subsequent to his conviction and sentencing, defendant brought writ of error here claiming that the evidence introduced at trial was insufficient to sustain the jury's verdict. On January 21, 1963, in *Trujillo v. People,* 151 Colo. 373, 377 P.2d 948, we found no merit in this argument and affirmed the judgment of the trial court. Thereafter, defendant filed a petition for writ of habeas corpus with the United States District Court where he again asserted that the evidence on which his conviction was based was insufficient as a matter of law. This petition was denied December 12, 1963, and affirmed in *Trujillo v. Tinsley,* 333 F.2d 185 (10th Cir.). In August 1964, defendant filed a 35(b) motion in the state district court to vacate his sentence on the grounds that he was denied counsel for his 1963 appeal to this Court. This motion was denied in November 1964.

In July 1965, defendant filed his second habeas corpus petition with the United States District Court. In that petition he claimed for the first time that it was unconstitutional for the trial court to sentence him to two consecutive sentences on two counts of an Information which was based upon but one single criminal transaction and intent. After concluding that the crimes of which defendant had been convicted were separate and independent, the United States District Court denied the petition.

One year later, in July 1966, defendant filed another 35(b) motion with the trial court. In this motion, Trujillo argued, as he had previously contended in the United States District Court in his second habeas corpus petition, that imposition of consecutive sentences upon two counts contained in the

same Information was unconstitutional when the two counts were based on only one crime and one intent. When this second 35(b) motion was denied by the trial court, defendant did not appeal the denial to this Court. Instead, three months later, in October 1966, defendant once again petitioned the United States District Court for a writ of habeas corpus on the grounds that it was unconstitutional for the Colorado trial court to sentence him to two consecutive sentences when there had been only one criminal transaction.

The United States District Court again found that the two offenses were separate and independent since burglary was the crime of entering a dwelling place with intent to commit a felony, while assault with intent to rob was a crime requiring unlawful attempt coupled with a present ability to commit a violent injury on a person, with the specific intent to commit robbery. The United States District Court held that the two sentences did not therefore constitute a violation of any federally protected right and denied the petition. *Trujillo v. Patterson,* 266 F. Supp. 901 (D.C. Colo.). Defendant then appealed this decision and it was affirmed in *Trujillo v. Patterson,* 389 F.2d 1003 (10th Cir.).

Three years later, in August 1969, defendant filed his third 35(b) motion with the trial court. Besides once again raising the issue that one cannot be subject to two consecutive sentences when there is only one transaction, defendant for the first time also claimed that this consecutive sentencing constituted "cruel and unusual punishment" in violation of the Eighth Amendment. After conducting a hearing on this motion the trial court ruled against the defendant on both these issues. Defendant now appeals the trial court's denial of his 35(b) motion to this court. For the fifth time since 1965 he claims that the trial court erred in ordering him to serve consecutive sentences when they arose from the same transaction. Second, he contends that the consecutive sentences imposed were tantamount to cruel and unusual punishment. We believe these arguments are specious at best and affirm.

## I.

In July 1966, in his second 35(b) motion, defendant first argued in Colorado state courts that it was unconstitutional for the trial court to sentence him to two consecutive sentences upon one Information charging only one crime and one single intent. When this motion was denied by the trial court in July 1966, this denial, by the express wording of Crim. P. 35(b), became *"a final order reviewable on appeal."* (Emphasis added.) Defendant chose not to appeal the trial court order to this Court, but instead, via his third habeas corpus petition, pursued his remedies in federal court. Since the 1966 order of the trial court denying defendant's 35(b) motion expressly refused to accept Trujillo's contention that the two consecutive sentences were improper because there was only one transaction and intent, and since this was a "final order" and judgment on the merits by a court of competent jurisdiction which was not appealed, we hold that the doctrine of *res judicata* prevents this contention from being raised again in this action. *Whitman v. People,* 161 Colo. 117, 420 P.2d 244. *See also State Compensation Insurance Fund v. Luna,* 156 Colo. 106, 397 P.2d 231; *Hudson v. Western Oil Fields, Inc.,* 150 Colo. 456, 374 P.2d 403; American Bar Association Standards of Criminal Justice Relating to Post-Conviction Remedies, § 6.1 (c)(ii). It makes no difference that this is a criminal, rather than a civil action. The substance of the doctrine of *res judicata,* that any right, fact, or legal matter which is put in issue and directly adjudicated or necessarily determined by a court of competent jurisdiction is conclusively settled by such judgment and cannot afterwards be litigated or raised again by the same parties, applies in criminal proceedings with the same conclusive effect as in civil proceedings. *Sealfon v. United States,* 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180; *United States v. Oppenheimer,* 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161; *Whitman v. People, supra; Gaitan v. United States,* 295 F.2d 277 (10th Cir.).

## II.

The second question presented by this writ of error,

whether the consecutive sentences constitute cruel and unusual punishment, was raised for the first time in the post-conviction motion now before us. It has not been previously considered or disposed of on writ of error, and is therefore properly before this Court now. *Whitman v. People,* 170 Colo. 189, 460 P.2d 767; *People v. Bradley,* 169 Colo. 262, 455 P.2d 199. Defendant concedes that the two sentences are within the limits fixed by statute. If the sentences imposed are within the statutory bounds, and if they do not shock the conscience of the Court, as the two consecutive sentences do not here, then they will not be disturbed by a reviewing court in Colorado on the grounds that they constitute cruel and unusual punishment. *Harris v. People,* 174 Colo. 483, 484 P.2d 1223; *Normand v. People,* 165 Colo. 509, 440 P.2d 282; *Walker v. People,* 126 Colo. 135, 248 P.2d 287.

The judgment is affirmed.