No. 26187

**The People of the State of Colorado v.
Calvin Forrest Fulmer**
(524 P.2d 606)

Decided July 15, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

MR. JUSTICE LEE delivered the opinion of the Court.

Calvin Forrest Fulmer appeals the denial of his motion for post-conviction review of sentence pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f).

Appellant was charged with first-degree murder under C.R.S. 1963, 40-2-3. On November 12, 1968, he entered a plea of guilty to second-degree murder and on December 11, 1968, he was sentenced to serve a term in the state penitentiary of not less than fifty-five nor more than sixty-five years. No appeal was taken from this judgment of conviction.

On July 6, 1972, appellant filed his pro se motion for post-conviction review of his sentence. Thereafter, the public defender filed two additional motions for post-conviction relief. The basis for relief of all three motions was that section 40-3-103 of the Colorado Criminal Code, which became effective July 1, 1972, reclassified second-degree murder as a class two felony and under section 40-1-105 of the code the penalty was reduced to not less than ten nor more than fifty years. After hearing, the trial court denied the motions. We affirm.

This case is controlled by *People v. Herrera*, 183 Colo. 155, 516 P.2d 626, which declared section 40-1-510(1)(f) to be unconstitutional. Appellant's conviction became final on December 11, 1968. Under *Herrera,* the trial court was without jurisdiction to grant post-conviction relief from the sentence imposed.

Appellant argues that *People v. Herrera, supra,* was decided erroneously. We rejected this argument in *People v. Rupert,* 185 Colo. 288, 523 P.2d 1406.

Appellant also contends that his sentence is grossly excessive and constitutes cruel and unusual punishment. We find no merit to this argument. It is well-settled that if a sentence is imposed within the statutory limits, and if it does not shock the conscience of the Court, it will not be disturbed by a reviewing court on the grounds that it constitutes cruel and unusual punishment. *Trujillo v. People,* 178 Colo. 136, 496 P.2d 1026; *Austin v. Denver,* 170 Colo. 448, 462 P.2d 600, *cert. denied,* 398 U.S. 910, 90 S.Ct. 1703, 26 L.Ed.2d 69; *Normand v. People,* 165 Colo. 509, 440 P.2d 282; *Raullerson v. People,* 157 Colo. 462, 404 P.2d 149. Appellant's sentence was within the statutory limits fixed at the time sentence was imposed. Although it is a severe sentence, there is nothing in the record to show such severity as to shock the conscience of the Court and bring it within the prohibition of the Eighth Amendment to the United States Constitution or Section 20 of Article II of the Colorado Constitution. Appellant's remedy for relief is by application to the executive department for commutation of his sentence.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.