## No. 26766

## The People of the State of Colorado v.
## Glenn Christian Hamilton

(533 P.2d 919)

Decided April 14, 1975.

Sheldon Emeson, District Attorney, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Robert M. Elliott, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The district attorney brings this interlocutory appeal from a ruling of the district court granting defendant's motion to suppress statements made to police officers following his arrest. This ruling was grounded on the district court's finding that the evidence presented by the district attorney failed to establish probable cause to arrest without a warrant, thus rendering the statements inadmissible under the "fruit of the poisonous tree" doctrine of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

An information charging the defendant with conspiracy with his wife to commit second-degree forgery was filed several days after the defendant's arrest. This charge involved the alleged fraudulent use of a credit card by the defendant's wife at a business establishment in Lamar, Colorado.

The defendant's arrest by the sheriff occurred after the Colorado State Highway Patrol dispatched by radio a pickup order for a red and white Oldsmobile with a Washington license plate. The dispatch indicated the reason for the pickup order ". . . was for fraudulent use of a credit card, of them." After receiving this message, a policeman observed this vehicle and stopped it at Holly, Colorado, which is located several miles east of Lamar. The sheriff, who also apparently heard the radio dispatch was near by and immediately drove to the location where the vehicle had been stopped. The defendant, his wife, and their two children were in the vehicle.

At the suppression hearing, no evidence, other than the sheriff's account of the radio dispatch, was presented by the district attorney. The district court properly ruled that this was insufficient to show probable cause to arrest this defendant without a warrant. *See People v. Valdez,* 173 Colo. 410, 480 P.2d

574 (1971) regarding the burden on the prosecution at a suppression hearing pertaining to evidence secured and alleged to be tainted because of a warrantless arrest without probable cause.

■ *People v. Nanes,* 174 Colo. 294, 483 P.2d 958 (1971) also involved a warrantless arrest by a police officer on the basis of radio dispatched information. In *Nanes,* the arrest was upheld as valid because all the requirements of the so-called "fellow officer" rule were complied with and this was shown by the evidence presented at the suppression hearing. The "fellow officer" rule as it applies to radio dispatched information by the police is described in the following manner in *Nanes.* An arresting officer who does not have in his possession sufficient information to constitute probable cause may, however, make a valid warrantless arrest if (1) it is shown that he acted upon the direction or as a result of a communication from a fellow officer or a communication from another police department and (2) it is shown that the police, as a whole, were in possession of information sufficient to constitute probable cause.

The transcript of the suppression hearing is completely devoid of any testimony or other evidence to show that any law enforcement officer or agency involved here possessed any information about the identity and description of this defendant, how he may have been involved in a crime, and in what manner this information was reported to the police. It is obvious that the district attorney failed to present any evidence that the police agencies involved here were in possession of information sufficient to constitute probable cause to justify the defendant's warrantless arrest.

Ruling affirmed.