The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Fred Henry SWAIN,
Defendant-Appellant.

No. 77–593.

Colorado Court of Appeals,
Division I.

Nov. 29, 1979.

Rehearing Denied Dec. 20, 1979.

Certiorari Denied Feb. 19, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David Schwartz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Ilene P. Buchalter, Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant, Fred Swain, appeals his conviction of two counts of first degree assault and two counts of aggravated battery, and his adjudication as an habitual criminal. We affirm.

The criminal charges against the defendant arose out of an armed robbery and shooting incident. To support adjudication as an habitual criminal and consequent enhancement of punishment, it was alleged that the defendant had been convicted of robbery in Colorado, and that the defendant had also been convicted in the United States District Court in Texas of the felony of altering a United States check with intent to defraud. It was further alleged that "the said crime . . . if committed within the State of Colorado, was a felony . . . ." At trial, the prosecution introduced certified copies of these two convictions. Although there was no explicit proof that the crime of altering a check was a felony, the trial court took judicial notice that the offense committed in Texas was a felony under Title 18 U.S.C. § 476.

Defendant contends that § 16–13–103(2), C.R.S.1973 (now in 1978 Repl.Vol. 8), requires the prosecution to prove that the out-of-state crime was in fact a felony where committed, in Texas. We disagree. Section 16–13–103(2), C.R.S.1973 (now in 1978 Repl.Vol. 8), speaks only to the allegations required in order to have a valid information charging violation of the Habitual Criminal Act. The information in the instant case complied literally with these requirements in that it alleged the defendant had been convicted of a felony in Texas and that the crime would have been a felony if committed in Colorado. Since Colorado courts must take judicial notice of the law of every other state and federal jurisdiction § 13–25–106(1), C.R.S.1973, explicit proof that the crime alleged was a felony where committed is not required except when requested by the court.

Defendant also contends that the trial court erred in imposing the enhanced punishment under the Habitual Criminal

Act because the People did not submit proof that defendant's out-of-state conviction would have been a felony if committed in Colorado. We disagree.

■ Section 16–13–101(1), C.R.S.1973 (now in 1978 Repl.Vol. 8), states:

"Every person convicted in this state of any felony . . . who, within ten years of the date of commission of the said offense, has been twice previously convicted . . . either in this state *or elsewhere,* . . . *of a felony* or, under the laws of any other state . . of a crime which, if committed within this state, would be a felony shall be adjudged an habitual criminal . . ." (emphasis added).

The statute thus provides for three types of former convictions which may be considered in habitual criminal proceedings: (1) those where the defendant has been previously convicted in Colorado of a felony, (2) those where the defendant has been convicted "elsewhere" of a felony, and (3) those where the defendant has been convicted in any other state of a crime, one not designated a felony in that state, but which would be a felony if committed in Colorado. Thus, "it makes no difference that the crime is not a felony in Colorado if it is a felony where the conviction was had. A reading of the statute admits of no other interpretation." *Burns v. People,* 148 Colo. 245, 365 P.2d 698 (1961), quoted with approval in *People v. Lake,* 195 Colo. 454, 580 P.2d 788 (1978); *accord, Hahn v. People,* 126 Colo. 451, 251 P.2d 316 (1952).

The defendant relies on *People v. Bergstrom,* 190 Colo. 105, 544 P.2d 396 (1975) and *O'Day v. People,* 114 Colo. 373, 166 P.2d 789 (1946), for the proposition that this section requires that to be considered for the purposes of enhancement of punishment, the conviction of a crime in another state must be proven to have been a felony if committed in Colorado.

The *O'Day* decision is inapposite here, because it concerned the 1935 equivalent of the Habitual Criminal Act which read:

"A person who, after having been convicted within this state of any of the following felonies . . . *or under the laws of any other state* . . . of a crime which if committed within this state, would be a felony . . . upon commission of such second offense shall be sentenced to imprisonment . . . ." C.S.A. § 48–551 (1935) (emphasis added)

Significantly, this statute provides only two classes of habitual criminal convictions: (1) certain enumerated felony convictions in Colorado and (2) out-of-state convictions which would have been felonies under Colorado law. This statute was repealed in 1945 and a version was enacted providing a third category for felony convictions in foreign states, similar to that in the current law, § 16–13–101(1), C.R.S.1973 (now in 1978 Repl.Vol. 8).

The *Bergstrom* court did not consider the difference between the statute applicable in the *O'Day* decision and the current enactment, since this distinction was not dispositive in *Bergstrom.* Consequently, *Bergstrom* is inapposite here.

■ Defendant next contends that he was denied due process of law by the trial court's ruling allowing the prosecution to add two habitual criminal counts to the information three days prior to trial. We do not agree. It is within the discretion of the trial court to allow the information to be amended as to form or substance at any time prior to trial. Crim.P. 7(e); *Maraggos v. People,* 175 Colo. 130, 486 P.2d 1 (1971). There is no indication in the record that the defendant objected to the lack of notice or asked for a continuance. Because the defendant failed to request a continuance, he has no basis now to claim prejudice or surprise. *People v. Marion,* 182 Colo. 435, 514 P.2d 327 (1973); *Maraggos v. People, supra.*

■ Defendant also contends he was not arraigned on the habitual criminal counts. However the record reflects that he was. The trial court indicated in its instruction to prospective jurors, as well as its instructions to the jury, that defendant had been charged with two counts of habitual criminal to which he had pled not guilty. Moreover, no objection was made

by defendant at trial to the lack of arraignment nor was there any mention made in defendant's motion for a new trial. Hence, no reversible error occurred. Crim.P. 33(a).

■ Finally, we reject defendant's contention that the trial court erred in refusing defendant's request to voir dire potential jurors concerning the penalty for crimes of violence. Defense counsel indicated to the court that the purpose of voir dire would be to inform the jurors that should they convict the defendant of a crime of violence, the court would have no discretion in sentencing. See § 16–11–309, C.R.S.1973 (now in 1978 Repl.Vol. 8).

■ The nature of the penalty to which the defendant would be subject if convicted, the fact that the penalty is automatic and fixed by the General Assembly, and the fact that the court is vested with no discretion regarding the imposition of the penalty need not be revealed to the jury on voir dire. Whether to allow voir dire on such matters is a question "clearly within the sound discretion of the trial court, and . . . in the absence of abuse of discretion, its ruling thereon will not be disturbed on review." *Routa v. People*, 117 Colo. 564, 192 P.2d 436 (1948). There was no abuse of discretion here because "the knowledge or ignorance of prospective jurors concerning questions of law is generally not a proper subject of inquiry for voir dire, for it is presumed that jurors will be adequately informed as to the applicable law by the instructions of the court." *People v. Love*, 53 Cal.2d 843, 3 Cal.Rptr. 665, 350 P.2d 705 (1960).

Judgment affirmed.

SILVERSTEIN and KELLY, JJ., concur.