The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Tony HERRERA, Defendant-Appellant.

No. 79CA0582.

Colorado Court of Appeals, Div. III.

April 30, 1981.

Rehearing Denied June 4, 1981.

Certiorari Denied Sept. 8, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sarah Scott Sammons, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, James England, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Tony Herrera, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of second degree burglary. We affirm.

On the morning of November 22, 1978, the store manager for the Moreland Implement Company discovered that the store had been broken into and that sixteen new John Deere chainsaws and one used one were missing.

Roy Durbin, an investigator in the district attorney's office, went undercover in an attempt to find the chainsaws and to identify the burglar or burglars. In the course of his inquiries he discovered that the defendant had a number of chainsaws for sale. Durbin then contacted defendant and arranged to purchase $1,100 worth of

chainsaws from him. During their conversations in connection with this transaction the defendant told Durbin that not only had he stolen the chainsaws from the Moreland Implement Company on November 21, but also that he had taken some on December 20, 1978.

## I.

Defendant was tried for one count of second degree burglary, which burglary had occurred at the Moreland Implement Company on November 21, 1978. At trial, evidence was offered concerning a second burglary of the Moreland Implement Company which had occurred on December 20, 1978. In that burglary, the manner in which the entry was effected was essentially the same. The articles stolen were also John Deere chainsaws.

The trial court admitted the evidence of the similar transaction for the purpose of establishing "intent, modus operandi and identity." Upon the reception of the evidence, the court instructed the jury that its consideration of that evidence was limited to those issues. At the conclusion of the evidence, the court again instructed the jury that the similar transaction evidence could only be considered for the limited purposes described above. Defendant contends that the reception of the similar transaction evidence constitutes reversible error. We reject that contention.

■ Although evidence of offenses other than that for which the accused is being tried is generally inadmissible, it can be admitted under certain circumstances. *People v. Ihme*, 187 Colo. 48, 528 P.2d 380 (1974). In such cases, its admissibility depends upon two factors: first, strict compliance with the procedural guidelines outlined in *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959), and second, satisfaction of the substantive criteria enumerated in *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979). *People v. Gutierrez*, Colo., 622 P.2d 547 (1981).

*Honey* provides as follows:

"[T]he court must determine if the substantive value of the evidence merits its consideration by the. jury. In this respect, the court must address three issues: (1) Is there a valid purpose for which the evidence is offered? (2) Is the evidence relevant to a material issue in the case? (3) Does the probative value of the evidence of the prior act, considering the other evidence which is relevant to the issue, outweigh the prejudice to the defendant which would result from its admission?"

In the present case, the trial court determined that there were a sufficient number of distinctive characteristics to both crimes to render the similar transaction evidence admissible. These similarities included the fact that (1) both burglaries took place at the Moreland Implement Company; (2) both burglaries took place at night while the store was closed; (3) both entries were made by breaking out the same bottom glass panel of the front door; and (4) the only items stolen were John Deere chainsaws. On these facts, the trial court concluded that the similar transaction was admissible and relevant with respect to the issue of "intent, modus operandi, and identity."

■ While the trial court did not have the benefit of *Honey v. People, supra,* at the time of its ruling, it did carefully consider the question of admissibility with respect to the requirements as set forth in *Stull v. People, supra,* and in its analysis dealt with the criteria which were later discussed in *Honey, supra.* In light of the fact that investigator Durbin had testified that defendant admitted to him the December 20th burglary and in view of the striking similarities between that burglary and the one for which the defendant was on trial, the similar transaction evidence was clearly relevant to the material issue of identity. It was offered to prove that the defendant was the person who committed the November 21st burglary, and we conclude, as did the trial court, that its probative value outweighed its prejudicial effect. We therefore, find no error in the admission of the similar transaction evidence.

## II.

Defendant next contends that the arresting officer lacked probable cause to arrest him, and therefore, since the arrest was unlawful, the fruits of the illegal arrest, including statements made by the defendant, should have been suppressed by the trial court. We disagree.

When investigator Durbin attempted to arrest defendant, he fled. He was thereafter apprehended by a Colorado Springs police officer, who had been informed by investigator Durbin that the defendant had fled from the scene, that he had a large sum of money on him, and that he was wanted for burglary.

Defendant generally argues that his arrest was invalid because the arresting officer did not himself know the circumstances underlying investigator Durbin's request, and thus, he did not have probable cause to make the arrest. We reject this argument.

Under the "fellow officer rule," the Colorado Springs police officer was entitled to rely upon the information supplied by investigator Durbin. By definition, in the Colorado Criminal Code, an "authorized investigator of a district attorney" is a "peace officer." Section 18–1–901(3)(*l*), C.R.S. 1973 (1978 Repl. Vol. 8); *see People v. Bergstrom*, 190 Colo. 105, 544 P.2d 396 (1976). No persuasive reason has been advanced why such an authorized investigator should not come within the fellow officer doctrine. *See People v. Hamilton*, 188 Colo. 250, 533 P.2d 919 (1975); *People v. Nanes*, 174 Colo. 294, 483 P.2d 958 (1971).

Since there is no real question that investigator Durbin had probable cause to make the arrest himself, it follows that the arrest made by the Colorado Springs police officer upon the information relayed by investigator Durbin was valid and that, therefore, statements made by the defendant in connection therewith were not subject to suppression.

## III.

Finally, defendant contends that statements made by him following his arrest were not made voluntarily since the defendant was not informed of the specific charges against him. In this regard, defendant argues that without knowledge of the charges to be brought against him it was impossible for him to make a knowing and intelligent waiver of his rights to remain silent and to counsel. We disagree.

In *People v. Casey*, 185 Colo. 58, 521 P.2d 1250 (1974), our Supreme Court addressed this issue and held that the interrogating officer does not have to inform the defendant specifically of every charge that will eventually be brought against him, but rather that it is sufficient if the accused knows the general nature of the crime involved. *See People v. Weaver*, 179 Colo. 331, 500 P.2d 980 (1972).

Here, the defendant was questioned by investigator Durbin only after he had been advised of his *Miranda* rights. Since the interrogating officer was also the undercover officer who had attempted to buy the chainsaws, and to whom the defendant had made inculpatory statements regarding both the first and the second burglaries of the Moreland Implement Company, there can be no question that defendant was fully aware of the general nature of the crime for which he had been arrested.

Thus, we find no error with respect to the admission into evidence of statements made by defendant during formal questioning after his arrest.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.