**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Arthur M. NIETO, Defendant-Appellant.**

**Nos. 83CA0323, 84CA0671.**

Colorado Court of Appeals, Div. III.

Sept. 12, 1985.

Rehearing Denied Oct. 10, 1985.

Certiorari Denied (Nieto) March 17, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, Daniel W. Edwards, Deputy State Public Defender, Steve E. Alcala, Deputy State Public Defender, Pueblo, for defendant-appellant.

STERNBERG, Judge.

The defendant, Arthur M. Nieto, appealed his conviction entered upon a jury verdict finding him guilty of robbery of the elderly and of two habitual criminal counts, for which he received a sentence of not less than 25 years and not more than 25 years and 4 months. While this appeal was pending, alleging the sentence to constitute cruel and unusual punishment, he filed in the trial court a motion for post-conviction review and reduction of the sentence. The trial court denied the motion and defendant also appealed this denial to this court. We consolidated the two appeals. We affirm both the judgment of conviction and the denial of the motion for post-conviction review of the sentence.

## I

In his direct appeal the defendant attacks the basis of his adjudication as an habitual criminal. The habitual criminal counts were predicated on 1976 and 1978 convictions for second degree burglary. In both instances, the defendant entered guilty pleas. He argues that the providency hearing on the 1976 charge did not satisfy the requirements of Crim.P. 11.

In the 1976 providency hearing the trial court inquired of the defendant concerning the factual basis of the burglary. The defendant indicated that he had been drinking just prior to breaking into the building. Therefore, the defendant contends that the trial court should have advised him that intoxication could constitute a defense to the specific intent element of the offense of burglary. We disagree.

■ The transcript of the providency hearing discloses both that the trial court

complied with the requirements of Crim.P. 11, and correctly ascertained that the defendant understood the nature of the charge to which he entered a guilty plea. *See People v. Leonard,* 673 P.2d 37 (Colo. 1983). There is no requirement in Crim.P. 11 that the trial court explain to the defendant possible affirmative defenses to the crime charged. *People v. Gorniak,* 197 Colo. 289, 593 P.2d 349 (1979).

The trial court admitted portions of a certified document as evidence of his 1978 conviction. The defendant claims this document contained certain irrelevant and prejudicial information including an application for probation, findings of fact relating to the guilty plea, and a motion by the district attorney to dismiss another count of the information.

■ Prior charges which do not result in convictions are irrelevant and, therefore, should not be admitted. *People v. Reed,* 42 Colo.App. 275, 598 P.2d 148 (1979). However, we find no reversible error in this instance.

This case is distinguishable from *People v. Lucero,* 200 Colo. 335, 615 P.2d 660 (1980). There, the trial court had improperly informed the jury of two habitual criminal counts alleged against defendant at the beginning of the trial in chief. The trial court also allowed prejudicial evidence showing that defendant had been housed in a portion of the state prison for incorrigible inmates. The record supporting the two habitual criminal counts improperly contained an additional information charging the defendant with a third offense that was not one of the habitual counts. The cumulative effect of these errors and defects substantially affected the fairness of the trial proceedings and the integrity of the fact finding process so as to require reversal.

■ Such prejudice is not present here. While the trial court should have excised the reference to the dismissed count, any error involved was harmless. *See Callis v. People,* 692 P.2d 1045 (Colo.1984); *People v. Hodge,* 694 P.2d 1277 (Colo.App.1984).

■ The defendant's final contention in his direct appeal is that another certificate purporting to authenticate two records from the department of corrections showing that the defendant had served a term of imprisonment for the two prior offenses was sufficient only to identify one prison record but not both. The document in question contained a single triple certified cover sheet to which were attached records of defendant's prison terms following both his 1976 and 1978 burglary convictions. The cover sheet certifies that:

"the (1) Photograph, (2) Fingerprint record and (3) Commitment attached hereto are copies of the original records of [the defendant]."

The defendant claims that since this list is in the singular rather than in the plural the certificate properly authenticates only one conviction. This claim is without merit.

Defendant presented no evidence that either of the records was not genuine or that one was attached after the other had been certified authentic. The quoted portion from the custodian's certificate is printed "boilerplate" on a standard form used by the department of corrections, and there is no basis for defendant's assertion that the two prison records were not properly authenticated by this form. *See Silva v. People,* 170 Colo. 152, 459 P.2d 285 (1969). Furthermore, the defendant's photographs and fingerprints in the prison records were properly identified and authenticated by a corrections officer and fingerprint expert who testified at trial. Accordingly, we find no error of prejudice to the defendant.

## II

In his appeal from the denial of his motion for post-conviction relief, the defendant asserts that the trial court erred in rejecting his challenge to his sentence as constituting cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments and of Colo. Const. art. II, § 20. He contends that, as in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), his sentence was unconstitutionally disproportionate to the gravity of the offense. While his motion refers to no specific rule of procedure, considering

its language, we treat it as a Crim.P. 35(c)(2)(I) motion. *See People v. Ivery,* 44 Colo.App. 511, 615 P.2d 80 (1980).

 The People argue that this court is without jurisdiction to entertain this appeal because it requires a prohibited second review of the propriety of defendant's sentence. There is no factual basis for the People's contention. In his direct appeal, disposed of in Part I of this opinion, the defendant attacks the basis for his adjudication as an habitual criminal, not the sentence received. Thus, there having been no previous sentence review, we address the merits of this issue. *See McKnight v. People,* 199 Colo. 313, 607 P.2d 1007, (1980) (fn. 1).

In determining if a sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment, an appellate court may not substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, it determines only if the sentence is within constitutional limits. *Solem v. Helm, supra.*

The sentencing provisions of Colorado's habitual criminal statute have been upheld repeatedly against constitutional attacks based on the Eighth Amendment. *See People v. Gutierrez,* 622 P.2d 547 (Colo.1981); *Bernard v. Tinsley,* 144 Colo. 244, 355 P.2d 1098 (1960), *cert. denied,* 365 U.S. 830, 81 S.Ct. 718, 5 L.Ed.2d 708 (1961). Also, if a sentence is imposed within statutory limits and if it does not shock the conscience of the court, the sentence will not be disturbed by a reviewing court on the grounds that it constitutes cruel and unusual punishment. *McKnight v. People, supra.*

To support his contention that his sentence was unconstitutionally disproportionate to the crime, the defendant presented to the trial court statistical data purportedly showing that the average sentence for conviction of robbery of the elderly in Colorado between 1980 and 1983 was approximately 4 years. However, defendant admitted to the court that there is no instance of a case in Colorado where a defendant actually convicted under the habitual crimi-

nal statute received less than the 25 year minimum sentence. Defendant's statistics primarily reflected sentences of individuals who were charged with habitual counts, but who either were not sentenced under the statute, or who pleaded guilty to lesser included offenses. Thus, his statistical argument misses the mark.

In any event, the sentence in this case of 25 years and 4 months is well within the statutory limits under the habitual criminal statute for one previously convicted of two other felonies. Those limits are 25 years to 50 years. Section 16–13–101(1), C.R.S. (1984 Cum.Supp.).

The predicate offense involved here constitutes the defendant's third theft-related felony conviction in 10 years. He is a proven habitual offender falling within the purview and intent of the habitual criminal statute. Accordingly, the sentence is neither cruel, unusual, nor is it disproportionate to his conviction of the predicate offense and the two habitual criminal counts.

The judgment of conviction and the sentence are affirmed.

TURSI and METZGER, JJ., concur.