The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Christopher THOMAS, Defendant–Appellant.

No. 90CA0485.

Colorado Court of Appeals, Div. II.

Nov. 21, 1991.

Rehearing Denied Feb. 6, 1992.

Certiorari Denied July 20, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Christopher Thomas, appeals the judgment of conviction entered on a jury verdict finding him guilty of riot in a detention facility with the use of a destructive device in violation of § 18–8–211(2)(a), C.R.S. (1986 Repl.Vol. 8B). We remand for further proceedings.

In May 1989, the defendant was charged with one count of riot in a detention facility in violation of § 18–8–211(1), C.R.S. (1986 Repl.Vol. 8B), an unclassified felony. Six months later the People filed a motion to amend the information to charge the defendant with the class 3 felony of which he was ultimately convicted. The motion was granted on the first day of trial, but no amended information was ever filed, nor did defendant ever enter any plea to the information as amended.

At the outset of the trial, for purposes of security, the court directed a deputy to remain outside the doorway of the courtroom and two officers from the Department of Corrections to be seated behind the defendant throughout the trial. After the prosecutor's opening statement, defense counsel informed the court that the courtroom door had been kept closed and possibly locked up to that point in the proceedings. The trial court responded that it wanted the door to remain unlocked, although it acknowledged that the locked door might be necessary for security reasons. The court then instructed the district attorney to inform the officers positioned outside the door to allow all spectators to enter the courtroom during the trial.

On the second day of trial, the defendant moved for a mistrial alleging, among other things, that because the door to the courtroom remained locked during the first day of his trial, his rights were prejudiced. The court denied the motion, concluding that no prejudice was occasioned and that the locked door was not an intentional attempt to exclude spectators.

### I.

Defendant first contends that the court abused its discretion in granting the People's motion to amend the information on the day of trial. He further argues that the court did not acquire jurisdiction over him on the amended charge because of the failure to file an amended information or to have a plea entered. We disagree.

The purposes served by a criminal information are to advise the defendant of the nature of the charges against him, to enable him to prepare a defense, and to protect him from further prosecution for the same offense. *People v. Cervantes*, 677 P.2d 403 (Colo.App.1983), *aff'd*, 715 P.2d 783 (Colo.1986). And, it is within the discretion of the trial court to allow the information to be amended as to form or substance any time prior to trial. Crim.P. 7(e); *People v. Wright*, 678 P.2d 1072 (Colo.App. 1984).

The record here shows that defendant was served with a copy of the written motion to amend the information four days before trial, *cf. People v. Swain*, 43 Colo. App. 343, 607 P.2d 396 (1979), and that he understood the allegations of that amendment. Defendant failed to request a continuance, and he has made no showing of prejudice, misunderstanding, or surprise by reason of the time at which the amendment was made. Under these circumstances, we can find no abuse of the court's discretion in granting the motion to amend.

▮ We further conclude that the court had jurisdiction over the defendant.

▮ A court lacks jurisdiction over a defendant if an information fails to charge an essential element of an offense, or if it does not contain allegations of a chargeable offense. *See People v. Bowen*, 658 P.2d 269 (Colo.1983).

Here, however, the People's failure actually to file an amended information did not affect the sufficiency of the allegations of the proposed amendment. The proposed amended information was not defective in form or substance; it contained all of the essential elements of the crime; and it was sufficiently specific to give the defendant notice of the charge and to allow the court to pronounce judgment upon conviction. Crim.P. 7(b)(2). Under these circumstances, we cannot say that, after filing a written motion containing all of the allegations that would have been contained in any formal amendment to the information, the People's failure actually to file an amended information resulted in a lack of

jurisdiction; nor was it an error so grave as to require a vacation of the conviction.

## II.

▮ Defendant also asserts that he was denied the right to a public trial in violation of the Sixth Amendment and Colo. Const. art. II, § 15. We conclude, however, that the present record on appeal contains insufficient findings to enable us to pass upon this issue; hence, the matter must be remanded to the trial court for further consideration.

The trial of this cause consumed two days, the People resting at the end of the first day. When the court reconvened on the second morning, defendant orally moved for a mistrial, alleging, among other things, that during at least a portion of the preceding day, guards from the Department of Corrections had locked the courtroom door, prohibiting persons from entering or leaving.

In denying defendant's motion for mistrial, the trial court commented that it had noticed at some point in the proceedings that someone had attempted to enter or to leave the courtroom, but that the door was locked. The court also noted that it had then directed that the door be left unlocked. However, concluding that it could not "see any prejudice" occurring to defendant, it denied his motion for mistrial.

After the verdict was returned, defendant filed a motion for new trial and supported it with the affidavits of four persons, all of whom desired to observe the trial, but who were denied access to the courtroom by the guards. Ultimately, three of these persons gained access (when their presence outside was made known to counsel). Apparently, the fourth never gained access. In addition, these affidavits aver that, when the three persons left the courtroom, the door was locked again.

The trial court denied defendant's posttrial motion by written order, finding that the "error, if any, was harmless [and] Defendant was afforded a fair trial in all regards."

The right to a public trial, guaranteed by both the federal and state constitutions, is one that is so fundamental to a fair hearing that, if the right is violated, a defendant is entitled to appropriate relief, even if no prejudice can be shown to have resulted from such violation. *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984); *Thompson v. People*, 156 Colo. 416, 399 P.2d 776 (1965).

However, a court may, under justifiable circumstances, bar spectators during a portion of the trial, and such action will not amount to a denial of the right. *See Anderson v. People*, 176 Colo. 224, 490 P.2d 47 (1971) (court closed to public during jury voir dire because of lack of space); *People v. Angel*, 790 P.2d 844 (Colo.App. 1989) (public excluded from courtroom during cross-examination of one witness).

Here, however, the court took no action authorizing the closure of this trial. Hence, the question here is whether the courtroom was closed more than momentarily.

However, the record will not allow us to conclude, as a matter of law, that the actions of the guards, as agents of the state, were merely *de minimus*. On the contrary, based on the evidentiary materials submitted to the court and the comments of both the court and counsel upon the subject, a reasonable inference could be drawn that all spectators were barred from the courtroom during the presentation of substantially all of the People's case. Yet, this inference might not accurately reflect the true state of affairs.

Thus, while this record contains evidentiary materials that could lead to the conclusion that defendant's right to a public trial was denied, it lacks sufficient findings by the trial court to enable us to be assured as to the nature of the courtroom's closure. We shall, therefore, remand this cause to the trial court with directions to that court to re-consider the present record, together with such other evidence as the parties may offer and the court determines, in its discretion, would be appropriate to consider, and to make findings of fact respecting the circumstances surrounding the closure of the doors of the courtroom during the trial of this cause.

Such findings should determine, to the extent that the trial court may now be able to ascertain, the length of the time that the doors to the courtroom were locked and the nature of the proceedings that took place during that time; how many, if any, members of the public were excluded from viewing the trial, either temporarily or entirely, and the length of time that any individual was excluded; the nature of any orders given by the court respecting the locking of the door and whether any such orders were disobeyed; whether any members of the public were admitted by the guards while the doors were locked and, if so, what criteria were used in admitting certain members of the public and excluding others; and any other fact that the court considers to be germane to establishing the nature of the actions taken by the guards with reference to admitting persons to the courtroom during defendant's trial.

If, after considering such matters, the trial court concludes that the denial of a public trial was of such momentary and fleeting occurrence as to render any such denial to be *"de minimus,"* then the judgment of conviction shall stand affirmed. If, on the other hand, the court concludes that the guards' actions resulted in a denial that was more than *de minimus*, then the court shall grant a new trial to defendant.

The cause is remanded for further proceedings consistent with this opinion.

SMITH and REED, JJ., concur.