Opinion by JUDGE LICHTENSTEIN
¶ 1 Defendant, Omer Kelil Hassen, appeals his criminal conviction following a jury trial. He also appeals his sentence. As a matter of first impression, we conclude that the trial court abused its discretion in ordering the total closure of the courtroom during the testimony of two police officers who were then working undercover. We reverse and remand for a new trial.
I. Background
¶ 2 In 2007, Hassen was charged with one count of possession with intent to distribute and one count of possession of a controlled substance. The prosecution also filed three habitual criminal counts.
¶ 3 During trial, the prosecution requested that the courtroom be closed during the testimony of two police officers. The prosecution explained that the witnesses were working undercover at the time of trial and expressed concerns that a spectator might recognize them as police officers. Hassen objected, arguing that the courtroom was public and his family was there to support him. The trial court granted the prosecution's request and excluded the public, including Hassen's family, during the officers' testimony.
¶ 4 The jury acquitted Hassen of the distribution count and found him guilty of the possession count. The trial court adjudicated Hassen a habitual criminal and imposed a twenty-four-year mandatory sentence under the habitual criminal statute. Hassen now appeals his conviction and sentence.
II. Public Trial
¶ 5 Hassen contends that the trial court abused its discretion when it closed the courtroom during the testimony of the two officers, in violation of his constitutional right to a public trial. We agree.
A. Standard of Review
¶ 6 Criminal defendants have a right, guaranteed by both the United States and Colorado Constitutions, to a public trial. U.S. Const. amends. VI, XIV ; Colo. Const. art. II, § 16. This constitutional guarantee extends to the entire trial. United States v. Sorrentino, 175 F.2d 721, 722 (3d Cir.1949). Violation of a defendant's public trial right is structural error, requiring no showing of actual prejudice. Waller v. Georgia, 467 U.S. 39, 49-50, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). However, "the right to an open trial may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." Id. at 45, 104 S.Ct. 2210.
*517 ¶ 7 Thus, a court may, in the interest of justice, impose reasonable limitations on public access to a trial. People v. Whitman, 205 P.3d 371, 379 (Colo.App.2007). Consequently, we review a trial court's decision to close its courtroom for an abuse of discretion. Id. ; People v. Angel, 790 P.2d 844, 846 (Colo.App.1989). A trial court's misapprehension of, or failure to apply, the criteria upon which its discretion is to be exercised may constitute an abuse of discretion. Pierson v. People, 2012 CO 47, ¶21, 279 P.3d 1217, 1222.
B. Law
¶ 8 To protect a defendant's public trial right, the Supreme Court has set forth a four-part test that must be satisfied before a trial court may close a courtroom over a defendant's objection: (1) the party seeking to close the courtroom must advance an overriding interest likely to be prejudiced; (2) the closure must be no broader than necessary to protect the interest; (3) the trial court must consider reasonable alternatives to closing the courtroom; and (4) the court must make findings adequate to support the closure. Waller, 467 U.S. at 48, 104 S.Ct. 2210.
¶ 9 The closure of a courtroom may be partial or total. Whether an order is a partial or total closure is determined by whether all or only a portion of the public is excluded by the order. Compare United States v. Galloway, 937 F.2d 542, 546-47 (10th Cir.1991) (order allowing the press and the defendant's relatives to remain in the courtroom was only a partial closure), with Davis v. Reynolds, 890 F.2d 1105, 1110 (10th Cir.1989) (order excluding all members of the public, including the press and the defendant's relatives, during the complaining witness's testimony was a total closure); see also United States v. Osborne, 68 F.3d 94, 98 (5th Cir.1995) (partial closure where all but one of the spectators allowed to remain); Judd v. Haley, 250 F.3d 1308, 1319 (11th Cir.2001) (total closure where all spectators excluded during the testimony of one witness). Some courts have developed a more lenient standard for a partial closure of the courtroom as opposed to total closure. See Galloway, 937 F.2d at 546. In such circumstances, those courts require the partial closure to be supported by an overriding interest that is "substantial" rather than "compelling." Id.
¶ 10 Here, the trial court excluded all members of the public from the courtroom during the testimony of the two officers. Thus, contrary to the attorney general's assertion, this case involves a total closure, requiring a "compelling" overriding interest to justify the closure. Davis, 890 F.2d at 1110 ; Judd, 250 F.3d at 1319.
C. Analysis
¶ 11 Here, the request to close the courtroom was made during trial just before the first police officer was called as a witness, and neither party raised the applicability of Waller . Indeed, the trial court stated that it wished the issue had been brought up earlier so that it "could have been fully vetted instead of doing it sort of on the run." Understandably, in ordering the total closure of the courtroom, the trial court neither mentioned nor applied the four Waller factors.
¶ 12 However, as discussed below, because the court did not apply Waller and the record does not otherwise indicate that the Waller factors were satisfied, see Whitman, 205 P.3d at 379 (concluding the record supported the closure under the Waller factors despite the trial court's failure to apply Waller ), we conclude that the court's closure of the courtroom constituted an abuse of discretion and violated Hassen's constitutional right to a public trial.
1. Waller Factors
¶ 13 Pertinent to the first Waller factor, the prosecution stated that the officers were working undercover at the time, "who these people in the courtroom are given that it's a drug case" was unknown, and the officers may be recognized.
¶ 14 No Colorado case has addressed whether a concern that a spectator might recognize an undercover officer may satisfy the first Waller factor. Other jurisdictions that have addressed this issue have required an articulated, particularized showing that *518 the undercover officer's safety likely would be endangered were he or she required to testify publicly or that public testimony would otherwise compromise a specific, ongoing investigation. See, e.g., Bowden v. Keane, 237 F.3d 125, 129 (2d Cir.2001) (a trial court must "require persuasive evidence of serious risk to an important interest in ordering any closure") (quoting Ayala v. Speckard, 131 F.3d 62, 70 (2d Cir.1997) ). The mere possibility of prejudice cannot justify abridging the right to a public trial. See State v. Washington , 142 Ohio App.3d 268, 755 N.E.2d 422, 424-25 (2001).
¶ 15 We have not found, and the attorney general has not cited, any case holding that a generalized concern about exposure of an undercover officer is an overriding interest that would support the total closure of the courtroom. Several cases hold or suggest the contrary. See, e.g., Smith v. Hollins , 448 F.3d 533, 539-40 (2d Cir.2006) (undercover officers' fear that family members "would point out the officers to unspecified 'people' [the defendant] 'knows' " did not justify their exclusion); Brown v. Artuz, 283 F.3d 492, 501 (2d Cir.2002) (the mere invocation of officer safety does not justify the closing of a courtroom); People v. Martinez, 82 N.Y.2d 436, 604 N.Y.S.2d 932, 624 N.E.2d 1027, 1031 (1993) (a perfunctory showing that an officer was undercover was insufficient to justify closure; acceptance of such a showing, in effect, would create a per se closure rule for undercover officers); State v. Bone-Club , 128 Wash.2d 254, 906 P.2d 325, 329 (1995) (generalized concern for undercover officer insufficient; only "a particularized threat" would justify closure); see also Guzman v. Scully, 80 F.3d 772, 776 (2d Cir.1996) (a court may not rely on "unsubstantiated statements of the prosecutor" to justify closure); State v. Tucker, 231 Ariz. 125, 290 P.3d 1248, 1259 (Ariz.Ct.App.2012) (a court cannot base a closure on broad or general observations); State v. Mahkuk, 736 N.W.2d 675, 685 (Minn.2007) ( "closure of a trial based on generalized gang expert testimony [not justified because it] would allow closure in virtually every trial involving allegations of gang involvement").
¶ 16 As to the second Waller factor, the court excluded all members of the public, including Hassen's family, during the officers' testimony. Thus, absent sufficient findings demonstrating a risk posed by Hassen's family, the order was overbroad. See Vidal v. Williams, 31 F.3d 67, 69 (2d Cir.1994) (the need to protect an undercover officer's safety did not justify excluding the defendant's parents during his testimony, and doing so violated the defendant's public trial right); see also In re Oliver, 333 U.S. 257, 272, 68 S.Ct. 499, 92 L.Ed. 682 (1948) ("an accused is at the very least entitled to have his friends, relatives[,] and counsel present, no matter with what offense he may be charged").
¶ 17 Under the third Waller factor, the trial court was required to consider other reasonable alternatives to closure. Presley v. Georgia , 558 U.S. 209, 213-14, 130 S.Ct. 721, 724, 175 L.Ed.2d 675 (2010) ("trial courts are required to consider alternatives to closure even when they are not offered by the parties"); see, e.g., United States v. Lucas , 932 F.2d 1210, 1216-17 (8th Cir.1991) (use of screen to conceal identity of undercover officer did not violate the defendant's public trial right); Sacramento Bee v. United States Dist. Court , 656 F.2d 477, 482-83 (9th Cir.1981) (suggesting alternatives to closure). Here, the court did not consider exempting Hassen's family from the closure or otherwise consider reasonable alternatives to the closure.
¶ 18 Finally, the fourth Waller factor required the court to make adequate findings to support the closure. Waller, 467 U.S. at 48, 104 S.Ct. 2210 ; see also Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 581, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) ("Absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public."). But the trial court did not make any findings.
2. Conclusion
¶ 19 Because the trial court did not apply the correct legal standard and did not consider the criteria upon which it must base its discretion, we conclude that the trial court's total closure of the courtroom constituted an abuse of discretion. Pierson, ¶21, 279 P.3d at 1222. And because the record does not otherwise support the closure under the *519 Wal ler factors, we further conclude that Hassen's constitutional right to a public trial was violated. Waller, 467 U.S. at 48, 104 S.Ct. 2210.
3. Remedy
¶ 20 Although the violation of a defendant's public trial right is structural error requiring no showing of actual prejudice, it does not necessarily demand a new trial. Rather, we must determine the appropriate remedy for the violation. See id. at 50, 104 S.Ct. 2210 ("the remedy should be appropriate to the violation").
¶ 21 The attorney general suggests that a limited remand is the appropriate remedy in this case. However, under the circumstances here, we conclude that a new trial is the appropriate remedy.
¶ 22 Colorado precedent generally requires a new trial when a defendant's right to a public trial has been violated. Indeed, our supreme court has previously reversed a conviction and remanded for a new trial because the partial closure of a courtroom throughout the trial violated a defendant's constitutional right to a public trial. Thompson v. People , 156 Colo. 416, 425-27, 399 P.2d 776, 781-82 (1965) (order excluded spectators, including the parties' friends but not including the press, court officials, and the parties' relatives). And even where the case was remanded for further findings, a division of this court ordered a new trial if the trial court found that the exclusion of the public was more than a "momentary and fleeting occurrence." People v. Thomas, 832 P.2d 990, 993 (Colo.App.1991).
¶ 23 Here, the exclusion of the public was more than a momentary and fleeting occurrence. Consequently, we conclude that the appropriate remedy is to reverse and remand for a new trial. See Thompson , 156 Colo. at 425-27, 399 P.2d 776 at 781-82 ; Thomas, 832 P.2d at 993 ; see also Waller, 467 U.S. at 50, 104 S.Ct. 2210 (remanding for a new suppression hearing when the violation occurred during the suppression hearing); Davis, 890 F.2d at 1109 (granting habeas relief for violation of the defendant's public trial right based on a total closure during the testimony of a witness and ordering release or a new trial).
¶ 24 We are not persuaded otherwise by the attorney general's reliance on Thomas and Galloway . The remand in Thomas was necessary because the record did not establish whether any members of the public had actually been excluded from the trial. 832 P.2d at 993. Here, the record shows that the court ordered all members of the public, including Hassen's family, to leave the courtroom during the entire testimony of the two officers. Thus, Thomas does not support a remand in this instance. Instead, as noted, Thomas supports a new trial as the remedy in this case.
¶ 25 Galloway is also distinguishable. There, the Tenth Circuit remanded for further findings regarding the basis of a partial closure. Galloway, 937 F.2d at 547. Contrasting the case with its decision in Davis, where it ordered a new trial for a public trial violation resulting from a total closure, the circuit court observed that the more lenient standard applied to partial closures justified a different result. Id. at 546-47. In contrast, this case involves a total closure of the courtroom, not merely a partial closure.
¶ 26 In his petition for rehearing, the attorney general urges us to adopt a "triviality standard" in our analysis of this case. Under such a standard, reversal is unnecessary if the courtroom closure was too insignificant to constitute a constitutional violation. See United States v. Gupta , 699 F.3d 682, 688 (2d Cir.2011). Although some jurisdictions have adopted a "triviality standard" regarding public trial right violations, see, e.g., id.; United States v. Perry , 479 F.3d 885, 890 (D.C.Cir.2007), neither our supreme court nor any division of this court has expressly adopted this standard.
¶ 27 We decline the attorney general's invitation, appearing for the first time in his petition for rehearing, to adopt the standard because this argument is not properly before us. See People v. Gallegos, 260 P.3d 15, 29 (Colo.App.2010) (we will not address an argument raised for the first time in a petition for rehearing); Kelly v. Cent. Bank & Trust Co. , 794 P.2d 1037, 1044-45 (Colo.App.1989) (when one party raises an issue for *520 the first time in a petition for rehearing, "we consider it not properly before us and, therefore, do not decide it").
¶ 28 In light of our conclusion, we need not address Hassen's remaining contentions because they may not arise in the same posture on retrial.
¶ 29 The judgment and sentence are reversed, and the case is remanded for a new trial.
JUDGE WEBB and JUDGE FOX concur.