The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
February 22, 2018

**2018COA24**

**No. 16CA1643, People v. Joslin — Criminal Procedure — Postconviction Remedies — Restitution — Interest**

A division of the court of appeals considers whether a defendant is entitled to postconviction relief under Crim. P. 35(c) based on either the district court or his counsel (or both) not informing the defendant that he would be required to pay interest on unpaid restitution. The division concludes that interest on unpaid restitution is a collateral consequence of a plea and that neither the district court nor defendant's counsel had a duty to advise defendant of this possibility. Thus, the division affirms the district court's order denying defendant's postconviction motion without a hearing.

COLORADO COURT OF APPEALS **2018COA24**

Court of Appeals No. 16CA1643
Mesa County District Court Nos. 09CR1694 & 13CR1449
Honorable Richard T. Gurley, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Matthew Joslin,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE FURMAN
Fox and Ashby, JJ., concur

Announced February 22, 2018

Cynthia H. Coffman, Attorney General, Marissa R. Miller, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Matthew Joslin, Pro Se

¶ 1     In two separate cases, Matthew Joslin, defendant, accepted the benefit of a plea bargain. In 2009, he was charged with six sex offenses but pleaded guilty to only two. He was sentenced to probation and ordered to pay over $8000 in fees. He was not ordered to pay restitution. In 2013, Joslin faced thirty new charges, twenty-one of which were class 3 felonies, but he pleaded guilty to only four. He was sentenced to ninety-two years to life in the custody of the Department of Corrections and ordered to pay over $14,000 in fees and $1520 in restitution.

¶ 2     When Joslin did not pay the restitution within a year, he was charged interest on that unpaid restitution pursuant to section 18-1.3-603(4)(b), C.R.S. 2014. He then filed two nearly identical Crim. P. 35(c) motions, alleging that in each case he was never told that he would be charged interest on unpaid restitution. He claimed that he would never have pleaded guilty if he had known he would have to pay interest. The district court denied the motions without a hearing.

¶ 3     On appeal, Joslin essentially contends that he is entitled to postconviction relief because either the district court or his counsel (or both) was required to tell him that he would be required to pay

1

interest on unpaid restitution — and neither did. Central to addressing Joslin's contentions is the premise that defendants must be advised of the direct, but not collateral, consequences of a plea. *People v. Campbell*, 174 P.3d 860, 864 (Colo. App. 2007); *see also* Crim. P. 11(b)(4); *People v. Birdsong*, 958 P.2d 1124, 1128 (Colo. 1998). We conclude that interest on unpaid restitution is a collateral consequence of a plea and that neither the district court nor Joslin's counsel had a duty to advise Joslin of this possibility. Thus, we affirm the district court's order denying Joslin's postconviction motion without a hearing.

## I.    Denial of Crim. P. 35(c) Motions

¶ 4    A district court may deny a Crim. P. 35(c) motion without a hearing if the allegations are bare and conclusory; the allegations, even if true, do not warrant relief; or the record refutes the claims. *People v. Duran*, 2015 COA 141, ¶ 9; *see also Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). In other words, to warrant a hearing on a Crim. P. 35(c) motion, a defendant must allege facts that, if true, entitle the defendant to postconviction relief. Crim. P. 35(c)(3)(IV); *see also White v. Denver Dist. Court*, 766 P.2d 632, 635 (Colo. 1988).

2

¶ 5     We review the district court's summary denial of a Crim. P. 35(c) motion de novo. *People v. Lopez*, 2015 COA 45, ¶ 68.

¶ 6     In his Crim. P. 35(c) motions, Joslin alleged that neither the district court nor his counsel told him that he would be required to pay interest on unpaid restitution. Taking these facts as true, if either the district court or Joslin's counsel had a duty to advise him of the interest provision, Joslin would be entitled to a hearing on his motions. We first address the district court's duty, then defense counsel's duty.

## II.     The District Court's Duty

¶ 7     A district court has a duty to ensure that a defendant is advised of the direct, but not collateral, consequences of the plea. *Campbell*, 174 P.3d at 864; *see also* Crim. P. 11(b). Direct consequences are those that have a definite, immediate, and largely automatic effect on the range of possible punishment. *Campbell*, 174 P.3d at 864. In contrast, collateral consequences are contingent on a future event or action taken by some individual other than the sentencing court. *Id.*

¶ 8     Joslin contends that being charged interest on unpaid restitution is a direct consequence of his plea. We disagree. It is

true that interest on unpaid restitution is largely automatic. Section 18-1.3-603(4)(b), C.R.S. 2014, states that "[a]ny order for restitution . . . shall also be deemed to order that: (I) The defendant owes interest from the date of the entry of the order at the rate of twelve percent per annum[.]"

¶ 9     But, such interest is neither definite nor immediate. Rather, application of the statutory interest rate is contingent on whether a defendant pays his or her restitution obligation within a year. This contingency is a future action beyond the control of the sentencing court. *See Campbell*, 174 P.3d at 864. As such, we conclude interest on unpaid restitution is a collateral consequence.

¶ 10    Thus, we conclude the district court did not have a duty to advise Joslin of the possibility that he might have to pay interest on the restitution.

### III.    Defense Counsel's Duty

¶ 11    Defense counsel may nonetheless have a duty to advise a client of collateral consequences where defense counsel has reason to believe that the issue is highly significant to his or her client's decision to plead guilty. *See People v. Garcia*, 815 P.2d 937, 942-43 (Colo. 1991) (holding that defendant sufficiently alleged deficient

performance where counsel knew of defendant's desire that any guilty plea not preclude a civil claim and counsel erroneously advised that plea would not bar such a claim).

¶ 12     But, here, Joslin did not assert either in his postconviction motion or on appeal that his counsel in either case had any reason to believe that the financial consequences of his plea were highly significant to his decision to plead guilty.

¶ 13     Nothing in the record shows that Joslin had ever expressed monetary concerns to his counsel in either case. And, the circumstances of both cases indicate that his counsel had no reason to believe paying interest on unpaid restitution would be important to Joslin.

¶ 14     In the 2009 case, there was no reason for Joslin's counsel to discuss the interest provision because Joslin was not ordered to pay restitution.

¶ 15     In the 2013 case, the circumstances of Joslin's case indicate that paying interest on unpaid restitution would be the least of his worries. Joslin was willing to plead guilty to four sex offenses, two of which were class 3 felonies. Each of those class 3 felonies exposed him to a fine between $3000 and $750,000, not to mention

extensive prison sentences. § 18-1.3-401(1)(a)(III)(A), C.R.S. 2017. Because Joslin was willing to accept the risk of the court imposing such fines, his counsel had no reason to believe that paying interest on the comparatively small amount of restitution would be highly significant to Joslin.

¶ 16    Thus, we conclude that Joslin's counsel did not have a duty to advise Joslin of the possibility that he might have to pay interest on the restitution.

¶ 17    Because neither the district court nor Joslin's counsel had a duty to advise Joslin of the interest provision, his postconviction allegations, even if true, do not warrant relief. *See White*, 766 P.2d at 635. Therefore, the district court did not err in denying Joslin's motion without a hearing.

## IV.   Conclusion

¶ 18    We affirm the order.

JUDGE FOX and JUDGE ASHBY concur.