24CA0339 Peo v Moreno-Garcia 02-19-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0339
Arapahoe County District Court No. 21CR2341
Honorable Darren L. Vahle, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Marco Moreno-Garcia,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lum and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 19, 2026

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Marco Moreno-Garcia, Pro Se

¶ 1     Defendant, Marco Moreno-Garcia, appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

## I.     Background

¶ 2     Nineteen-year-old Moreno-Garcia told police officers that he had sex multiple times with Y.M., the twelve-year-old victim in this case.  And Y.M. told officers that Moreno-Garcia had given her methamphetamine.  Moreno-Garcia was arrested and charged with four counts of sexual assault on a child (pattern of abuse) and one count of distribution of a schedule I or II controlled substance to a minor.

¶ 3     Moreno-Garcia entered into a plea agreement with the People pursuant to which the People dropped the five charges noted above and substituted two counts of sexual exploitation of a child in violation of section 18-6-403(3)(a), C.R.S. 2025.  Following a hearing, the district court accepted the plea and sentenced Moreno-Garcia to eight years in the custody of the Department of Corrections on the first count, to be followed by fifteen years of Sex Offender Intensive Supervised Probation (SOISP) on the second count.

¶ 4    Moreno-Garcia subsequently moved for Rule 35(c) postconviction relief. He asserted that his trial counsel provided ineffective assistance, his plea was involuntary, and the district court illegally sentenced him.

¶ 5    The postconviction court denied the motion without a hearing. It concluded that, based on the record, Moreno-Garcia had failed to allege facts showing that his counsel had provided ineffective assistance, he had voluntarily pleaded guilty, and the district court had legally sentenced him to consecutive sentences.

## II.    Discussion

¶ 6    Moreno-Garcia contends that he is entitled to a hearing on his motion because he alleged facts that, if proved, would show that (1) his trial counsel provided constitutionally deficient representation concerning his plea and (2) the district court illegally sentenced him. We reject these contentions.

### A.    Standard of Review

¶ 7    Summary denial of a motion for postconviction relief is appropriate "if the claims raise only an issue of law, or if the allegations, even if true, do not provide a basis for relief[, or] if the claims are bare and conclusory in nature, and lack supporting

factual allegations." *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005). We review a postconviction court's summary denial of a postconviction motion de novo. *People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010).

### B. Ineffective Assistance of Counsel

¶ 8 Moreno-Garcia contends that he received ineffective assistance of counsel because his attorney failed to investigate his "deception" defense; investigating this defense would have put him in a better position to negotiate a plea deal; and his attorney coerced him into pleading guilty, rendering his plea involuntary. We reject these contentions.

¶ 9 A defendant asserting ineffective assistance of counsel must meet the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Davis v. People*, 871 P.2d 769, 772 (Colo. 1994). The first prong requires the defendant to show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *People v. Luong*, 2016 COA

13M, ¶ 16 (quoting *Strickland*, 466 U.S. at 689). The second prong requires the defendant to "show that the deficient performance prejudiced" him. *Strickland*, 466 U.S. at 687.

¶ 10     Moreno-Garcia first contends that his counsel failed to investigate his assertion that Y.M. had misrepresented her age to him; he claims that Y.M.'s misrepresentation of her age could be confirmed by witnesses and by other evidence showing a history of her using a false identity. He argues that had his counsel investigated this defense, "these viable leads . . . would have exculpated" him. But the premise of his argument — that his reasonable belief about the victim's age provided a defense to the charges — is wrong.

¶ 11     "If the criminality of conduct depends on a child being younger than fifteen years of age, it shall be no defense that the defendant did not know the child's age or that the defendant reasonably believed the child to be fifteen years of age or older." § 18-1-503.5(3), C.R.S. 2025. The sexual assault charges included as an element that the victim was "less than fifteen years of age and the actor [was] at least four years older than the victim." § 18-3-405(1), C.R.S. 2025. Y.M. was twelve years old at the time of the offenses,

so Moreno-Garcia wouldn't have been able to assert a mistaken-belief-of-age defense at trial. *See People v. Sparks*, 2018 COA 1, ¶ 7. Thus, as a matter of law, Moreno-Garcia's counsel couldn't have provided ineffective assistance by failing to investigate this claim and instead focusing on the fact that Moreno-Garcia "had confessed to engaging" in a sexual relationship with Y.M. *See Dunlap v. People*, 173 P.3d 1054, 1065 (Colo. 2007) ("Trial counsel acts reasonably . . . by making a reasonable decision that such investigation is unnecessary.").[1]

¶ 12 Moreno-Garcia also contends that if counsel had investigated his deception defense, he would have been in a more favorable negotiating position. But assertion of a clearly unavailable defense wouldn't have put Moreno-Garcia in a better position to negotiate a plea agreement.

¶ 13 Lastly, Moreno-Garcia contends that his counsel provided ineffective assistance in connection with plea negotiations by saying "misleading and inaccurate statements that no viable defense

---

[1] In fact, Moreno-Garcia admitted to the police and concedes several times in his opening brief that he had sex with Y.M.

existed in this case." This "coercion," he says, rendered his plea involuntary.

¶ 14    "For a plea of guilty to be valid, it must be knowingly, intelligently, and voluntarily made." *People v. Campbell*, 174 P.3d 860, 862 (Colo. App. 2007) (citing *People v. Pozo*, 746 P.2d 523, 525 (Colo. 1987)).  A defendant's counsel may not induce a guilty plea through misrepresentation.  *Chae v. People*, 780 P.2d 481, 485-86 (Colo. 1989) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)).  But "[c]ompetent advice of counsel, albeit stated in strong language, does not constitute coercion." *People v. Adams*, 836 P.2d 1045, 1048 (Colo. App. 1991); *see also People v. Starkweather*, 159 P.3d 665, 668 (Colo. App. 2006) ("It is defense counsel's duty to discuss the case — including its probable outcome — in complete candor with a defendant.").

¶ 15    Moreno-Garcia's argument is, again, premised on his assertion that he had a viable misrepresentation defense.  He didn't.  And, as noted, he admitted that he had sex with the victim.  Under these circumstances, we don't see how counsel accurately advising him

that "no viable defense existed in this case" caused him to involuntarily accept the plea agreement.[2]

### C. Sentencing Claims

¶ 16    Moreno-Garcia contends that his sentence is illegal because the prosecution failed to file a charging document that included the offenses to which he pleaded guilty and the district court improperly sentenced him to consecutive sentences in violation of section 18-1-408, C.R.S. 2025, and *Allman v. People*, 2019 CO 78.[3] We disagree with these contentions.

### 1. Formal Charging Document

¶ 17    A formal charging document establishes jurisdiction for felony criminal prosecutions. *People v. Williams*, 984 P.2d 56, 59-60 (Colo. 1999). A valid charging document contains "the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and . . . enables him to plead an

---

[2] Because Moreno-Garcia's allegations don't show a basis for finding that his counsel provided a constitutionally deficient performance, we don't need to consider whether his counsel's performance prejudiced him. *See People v. Luong*, 2016 COA 13M, ¶ 33.

[3] On appeal, Moreno-Garcia couches these claims as ineffective assistance of counsel claims. They fail either as straight illegal sentence claims or ineffective assistance claims.

acquittal or conviction in bar of future prosecutions for the same offense." *Id.* at 60 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

¶ 18    The record refutes Moreno-Garcia's contention that the prosecution failed to file a formal charging document for the two charges to which he pleaded guilty. The prosecution filed a formal charging document with the court, and the court granted the prosecution leave to do so.

### 2.    Violation of Section 18-1-408

¶ 19    Under section 18-1-408(3), when a defendant is charged with multiple offenses that are supported by identical evidence, the sentences imposed must run concurrently. But when a defendant waives his right to have the prosecution establish a factual basis as part of a plea agreement, he waives his right "to demand concurrent sentencing pursuant to section 18-1-408(3)." *People v. Maestas*, 224 P.3d 405, 409 (Colo. App. 2009).

¶ 20　　In this case, Moreno-Garcia waived his right to establish a factual basis as part of his plea agreement.[4]　Thus, he waived his right to demand concurrent sentencing.

### 3.　Violation of *Allman v. People*

¶ 21　　In *Allman*, the supreme court held that "when a court sentences a defendant for multiple offenses in the same case, it may not impose imprisonment for certain offenses and probation for others." *Allman*, ¶ 40.　But subsequent case law makes clear that *Allman*'s holding doesn't apply to "a multi-count case to prison for a non-sex offense followed by SOISP for another offense." *People v. Keen*, 2021 CO 50, ¶ 2; *see also People v. Ehlebracht*, 2020 COA 132, ¶ 13 (holding that *Allman* doesn't apply to sentences under the Colorado Sex Offender Lifetime Supervision Act of 1998).

¶ 22　　The Colorado Sex Offender Lifetime Supervision Act of 1998 defines which offenses are considered "sex offenses" for its purposes.　*See* § 18-1.3-1003(5)(a)(I)-(XIII), C.R.S. 2025.　Sexual exploitation of a child — the offense that Moreno-Garcia pleaded guilty to — isn't such an offense.　Thus, Moreno-Garcia pleaded

---

[4] We also reject Moreno-Garcia's contention that the charges were necessarily based on identical evidence.

9

guilty to two non-sex offenses. And, as previously mentioned, *Allman*'s holding doesn't apply to sentences that include "prison for a non-sex offense followed by SOISP for another offense." *Keen,* ¶ 2. Thus, the court didn't violate the holding in *Allman* by sentencing Moreno-Garcia to prison for one count of sexual exploitation followed by SOISP for the second count of sexual exploitation.

## III. Disposition

¶ 23    The order is affirmed.[5,6]

---

[5] At the beginning of his opening brief, Moreno-Garcia asserts, in purely conclusory fashion, that "[d]efense [c]ounsel failed to procure a mitigation expert to assist with sentencing." And at the end of his opening brief, he asserts that his sentence is "[e]xcessive and grossly disproportionate" in violation of the Eighth Amendment. Because Moreno-Garcia doesn't develop any argument on these points, we decline to address them. *See People v. Sanders*, 2023 CO 62, ¶ 16.

[6] In his reply brief, Moreno-Garcia asserts that "the recent enactment of the Forensic Integrity Act set forth in CRS 16-12-310 - 312 provides for an amendment of the factual pleadings." The statute's intent is to provide postconviction relief for defendants "who receive[] a notice of reported wrongful action" regarding laboratory employees. § 16-12-310(1), C.R.S. 2025. We aren't sure how this statute pertains to Moreno-Garcia's conviction, as he makes no assertion about receiving a notice. And because Moreno-Garcia raises this argument for the first time in his reply brief, we decline to address it. *People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007).

JUDGE LUM and JUDGE MEIRINK concur.